Steven K. Hwang (Bar No. 216852)
SKHwang@perkinscoie.com
Aaron R. Goldstein (Bar No. 239423)
AGoldstein@perkinscoie.com
**PERKINS COIE LLP**
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Defendant
AMAZON.COM SERVICES LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTHER GERSON,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC;<br>AND DOES 1 THROUGH 25,<br>INCLUSIVE,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>[Removed from the Superior Court of the State of California for the County of San Mateo, Case No. 24-CIV-07679]<br><br>Complaint Filed:   December 5, 2024 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Amazon.com Services LLC ("Amazon") removes this civil action from the Superior Court of the State of California, County of San Mateo, to the United States District Court for the Northern District of California, under 28 U.S.C. §§ 1332, 1441, and 1446. Diversity jurisdiction exists because there is complete diversity and the amount in controversy exceeds $75,000.

NOTICE OF REMOVAL

170633435.1

## I.      INTRODUCTION

1.      This lawsuit involves claims of strict product liability, negligent product liability, and negligence stemming from alleged injuries Plaintiff Esther Gerson sustained while using an e-bike purchased from a third-party seller on Amazon's website. *See* Compl. ¶¶ 9-22.

2.      Plaintiff filed this action on December 5, 2024 in the Superior Court of the State of California, County of San Mateo, Case No. 24-CIV-07679 (the "State Court Action"). A true and correct copy of the Complaint, including all process, pleadings, and orders served upon Amazon in this action, are attached as Exhibit 1.

## II.      THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

3.      This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332 had Plaintiff filed this action initially in federal court. Plaintiff is not a citizen of the same state as any of the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *Complete Diversity Exists*

4.      Plaintiff is a citizen of California. Compl. ¶ 1.

5.      Defendant Amazon is a Delaware limited liability company. For the purposes of diversity jurisdiction, limited liability companies are citizens of all states where each of their members is a citizen. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016). Defendant's sole member is Amazon.com Sales, Inc., which is a Delaware corporation with its principal place of business in Washington. Amazon.com Services LLC is therefore a citizen of Delaware and Washington. *See* 28 U.S.C. § 1332(c)(1); *see also* Amazon's Corporate Disclosure Statement.

6.      The defendants identified as Does 1 through 25 in the Complaint are fictitious parties against whom no cause of action can be validly alleged. To the best of Amazon's information and belief, no fictitiously designated defendant has been

NOTICE OF REMOVAL

served with process, and these fictitious parties may be ignored for purposes of determining removal.

7. Complete diversity exists because Plaintiff is a citizen of California and Defendants are citizens of Delaware and Washington.

***The Amount in Controversy Exceeds $75,000***

8. Plaintiff does not identify a specific value for her claims on the face of the Complaint. The Court should nevertheless conclude based on Plaintiff's Complaint that Plaintiff's claims involve an amount in controversy in excess of $75,000, exclusive of interest and costs.

9. The Ninth Circuit has adopted the Fifth Circuit's procedure for determining the amount in controversy when a plaintiff does not identify a specific value in a complaint. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Under that procedure, a court should begin by determining whether it is "facially apparent" from the complaint that the claims likely exceed $75,000. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (concluding it was facially apparent that a plaintiff's claims met the amount in controversy requirement when the complaint sought relief for property damage, travel expenses, an ambulance trip, six days in the hospital, pain and suffering, humiliation, and a temporary inability to do housework). To do so, the court may use "judicial experience and common sense." *Dourian v. Stryker Corp.*, 2012 WL 12893752, No. CV 12-1790 DSF, at *1 (C.D. Cal. Apr. 25, 2012).

10. Here, Plaintiff filed an "Unlimited" civil case seeking relief for personal injuries under the following causes of action: (i) strict product liability, (ii) negligent product liability, (iii) and general negligence. *See generally* <u>Exhibit 1</u>, Compl. Plaintiff alleges that, on or about December 31, 2023, a that a defective e-bike that she was riding suddenly and unexpectedly accelerated, causing her to crash and sustain severe injuries, including a fractured tibial plateau requiring hospitalization and a total knee replacement. *Id.* at ¶ 15. As a result, Plaintiff alleges she suffered

wage loss, hospital and medical expenses, general damage, and loss of earning capacity. *Id.* at ¶¶ 32-38; 53-55; 62.

11. Given the number of liability theories pursued, the severity of the alleged injuries, and the nature and extent of the damages requested, it is facially apparent that the amount in controversy exceeds $75,000. Thus, Amazon has satisfied its burden under 28 U.S.C. § 1332 to establish that the amount in controversy exceeds $75,000.

12. By the statements contained in this Notice of Removal, Amazon does not concede that Plaintiff are entitled to any damages.

### III.   ALL SERVED DEFENDANTS CONSENT TO REMOVAL

13. On information and belief, only Amazon, the removing party, has been served with the summons and complaint. Therefore, all properly joined and served defendants consent to the removal of this action.

### IV.   THIS FILING IS TIMELY

14. Plaintiff served Amazon on December 10, 2024. Pursuant to 28 U.S.C. § 1446(b), Amazon filed this Notice of Removal within thirty (30) days after it was served. Removal of this action is therefore timely. *See* 28 U.S.C. § 1446(b).

### V.   VENUE OF REMOVED ACTION

15. The Northern District of California is the United States District Court for the district and division embracing the state court where this action was filed and is pending. Venue is proper in this Court under 28 U.S.C. § 1441(a).

### VI.   NOTICE TO THE STATE COURT

16. A copy of this Notice of Removal is being served on all parties and filed with the Superior Court of the State of California, County of San Mateo, where this case was originally filed.

NOTICE OF REMOVAL

## VII.   PLEADINGS IN THE STATE COURT ACTION

17.    A true and correct copy of all process, pleadings, and orders served upon Amazon in this action, is attached as Exhibit 1. A true and correct copy of the San Mateo Superior Court docket for this action is attached as Exhibit 2.

## VIII.  NON-WAIVER OF DEFENSES

18.    Amazon expressly reserves all of its defenses. By removing the action to this Court, Amazon does not waive any rights or defenses available under federal or state law. Amazon expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim against Amazon or have any substantive merit.

19.    Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

WHEREFORE, Amazon hereby removes the above-entitled case to the United States District Court for the Northern District of California, and seeks resolution by this Court of all issues raised herein.

Dated: January 9, 2025

Respectfully submitted,

**PERKINS COIE LLP**


By:*/s/ Aaron R. Goldstein*
Steven K. Hwang
Aaron R. Goldstein

Attorneys for Defendant
AMAZON.COM SERVICES LLC

NOTICE OF REMOVAL

## **PROOF OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the State of California that, on the date given below, he caused to be served a copy of **NOTICE OF REMOVAL** upon the following person(s) via First Class U.S. mail, postage prepaid:

MARYANNE B. COOPER, SBN215563
MILES B. COOPER, SBN209085
ROBERT IGLEHEART, SBN291650
**COOPERS LLP**
2261 Market Street #330
San Francisco, California 94114
Telephone: 415-434-2111
Facsimile: 415-434-2112
SFO@coopers.law

Attorneys for Plaintiff ESTHER GERSON

DATED this 9th of January, 2025, at Los Angeles, California.


*/s/Ernesto Monne*
Ernesto Monne

# Exhibit 1

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** AMAZON.COM SERVICES LLC; AND DOES
**(AVISO AL DEMANDADO):** 1 THROUGH 25, INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:** ESTHER GERSON
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

<table>
<tr><td>

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically
**FILED**
By Superior Court of California, County of San Mateo
ON      12/5/2024
By    **/s/ Anthony Berini**
Deputy Clerk
</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Superior Court of California, County of San Mateo 400<br>County Center<br>Redwood City, CA 94063 | CASE NUMBER:<br>(Número del Caso):<br>24-CIV-07679 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Coopers LLP
2261 Market Street #330, San Francisco, CA 94114                                415-434-2111

| DATE:  12/5/2024 | Neal I. Taniguchi | Clerk, by | /s/ Anthony Berini | , Deputy |
|---|---|---|---|---|
| (Fecha) | | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):  Amazon.com Services LLC

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON          12/5/2024
By _____ /s/ Anthony Berini
Deputy Clerk

**MARYANNE B. COOPER, SBN215563**
**MILES B. COOPER, SBN209085**
**ROBERT IGLEHEART, SBN291650**
**COOPERS LLP**
2261 Market Street #330
San Francisco, California 94114
Telephone: 415-434-2111
Facsimile:  415-434-2112
SFO@coopers.law

Attorneys For Plaintiff,
Esther Gerson

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

24-CIV-07679

| | |
|---|---|
| ESTHER GERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM SERVICES LLC; AND DOES 1 THROUGH 25, INCLUSIVE<br><br>    Defendants. | CASE NO. Case Number<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1.  Products Liability – Strict Liability<br>2.  Products Liability – Negligence<br>3.  General Negligence |

Plaintiff Esther Gerson, an individual, complains and alleges against Defendant AMAZON.COM SERVICES LLC, and Does 1-25, inclusive, as follows:

**PARTIES**

1.      Plaintiff Esther Gerson is, and at all times relevant was, a competent adult and citizen of California residing in San Mateo County, California.

2.      At all times relevant, Defendant AMAZON.COM SERVICES LLC (hereafter "AMAZON") is a Delaware corporation with its principal place of business in Seattle, Washington.

3.      At all times relevant, Defendant AMAZON, a corporation, and Does 1 through 25, inclusive, were and are business entities doing business in the State of California.

4.      The true names and capacities, whether individual, corporate, partnership, joint venture, or otherwise of Defendants DOES 1 through 25 inclusive, are unknown to Plaintiff who therefore sues Defendants by such fictitious names.

5.      Each of the Defendants named here as a DOE is legally responsible in some manner for the events and happenings referred to here, and proximately and legally caused injury and damage to Plaintiff as alleged here. Plaintiff prays for leave to amend this complaint when their true names have been ascertained.

6.      Plaintiff is informed and believes and thereon alleges that at all times here mentioned, certain of the Defendants DOES are the successors in interest to each of the remaining Defendants and on that basis, are liable for any act, or omission of said Defendants alleged here.

7.      Plaintiff is informed and believes and thereon alleges that at all times mentioned here, Defendants, and each of them, were the agents and employees of the remaining Defendants and were at all times acting within the course and scope of said agency, employment, corporate capacity, and/or joint venture, and that each and every Defendant as aforesaid, when acting as a principal, was negligent and reckless in the selection and hiring of each and every other Defendant as an agent, servant, employee, corporate officer, and/or joint venturer, and that each and every Defendant ratified the acts of their co-Defendants.

## JURISDICTION AND VENUE

8.      Venue in this jurisdiction is proper under Code of Civil Procedure § 395 because this action is brought in the County where the injury occurred.

## GENERAL FACTUAL ALLEGATIONS

9.      On or about December 25, 2023, Plaintiff ESTHER GERSON's son purchased an Ebkarocy-branded electronic bike (hereafter "Ebkarocy e-bike") as a gift for plaintiff ESTHER GERSON from Defendant AMAZON's website, "Amazon.com."

10.     An Ebkarocy e-bike is a battery powered bicycle with a motor, traditional pedals, a handle-bar throttle used to accelerate without pedaling, a chain connected to

-2-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

the rear wheel and crank pedals, handlebar brake levers, disc brakes, an LCD screen, front and rear lights, and shocks. The Ebkarocy e-bike has a maximum speed of 22 miles per hour and weighs approximately 55 lbs.

11. Upon information and belief, and at all times relevant, Ebkarocy e-bikes were manufactured by Guangzhou Fengwu Automobile Co., Ltd., a company based in China at an unknown address and not registered with the California Secretary of State.

12. Upon information and belief, and at all times relevant, Ebkarocy e-bikes were sold through Defendant AMAZON's website under an agreement which Defendant AMAZON profited.

13. Upon information and belief, and at all times relevant, Ebkarocy-branded e-bikes were listed on AMAZON's website by "Ebkarocy Direct," which is not registered with the California Secretary of State to do business within the State.

14. Upon information and belief, and at all times relevant, "Ebkarocy Direct" is based in China at an unknown address.

15. Upon information and belief, and at all times relevant, Defendant AMAZON at its sole discretion could withhold payments if it determined Ebkarocy e-bikes were a risk to Defendant AMAZON or third parties, including Plaintiff ESTHER GERSON.

16. Upon information and belief, and at all times relevant, Defendant AMAZON at its sole discretion could dispose of any Ebkarocy e-bike that it determined created a safety, health, or liability risk to AMAZON or any third party, including Plaintiff ESTHER GERSON.

17. At all times relevant, Plaintiff ESTHER GERSON and her son did not have any contact with a company associated with Ebkarocy e-bikes other than through Defendant AMAZON, and the payment was processed by Defendant AMAZON.

18. Upon information and belief, Defendant AMAZON provided Plaintiff ESTHER GERSON and her son with "A-to-z Guarantee" which guaranteed the condition of the Ebkarocy e-bike and timely delivery.

-3-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

19.    Upon information and belief, and at all times relevant, Defendant AMAZON profited from the Ebkarocy e-bike sold to Plaintiff ESTHER GERSON and her son.

20.    On December 31, 2023, and within a week of Plaintiff ESTHER GERSON receiving the Ebkarocy e-bike, Plaintiff ESTHER GERSON rode the Ebkarocy e-bike purchased through Defendant AMAZON at Ryder Park in Foster City, California when without input to the throttle, it suddenly and unexpectedly accelerated.

21.    The sudden and unexpected acceleration caused Plaintiff ESTHER GERSON to crash and fracture her right tibial plateau, which required a total knee replacement and hospitalization.

22.    Upon information and belief, the sudden and unexpected acceleration of Ebkarocy e-bikes is reported by other users on Defendant AMAZON's website.

## FIRST CAUSE OF ACTION
Strict Product Liability
(Against all Defendants)

23.    Plaintiff incorporates by reference each and every paragraph above, as though fully set forth here.

24.    Defendants AMAZON and DOES 1-25, inclusive, manufactured, designed, distributed, assembled, packaged, tested, inspected or failed to inspect, instructed, serviced, warned or failed to warn, retailed, transported, advertised, marketed, labeled, promoted, sold, installed, or facilitated the sale of the Ebkarocy e-bike and its component parts. (*Bolger v. Amazon.com, LLC* (2020) 53 Cal.App.5th 431; *Loomis v. Amazon.com LLC* (2021) 63 Cal.App.5th 466.)

25.    At the time that the Ebkarocy e-bike left the control of Defendants AMAZON and DOES 1-25, inclusive, the Ebkarocy e-bike was dangerous and defective as a result of design, manufacture, alteration, modification, or warning by Defendants. The defects included, but are not limited to, sudden unintended acceleration due to a combination of mechanical and electrical defects.

26.    At all relevant times, Defendants AMAZON and DOES 1-25, inclusive,

-4-

COOPERS LLP
TRIAL LAWYERS

knew and intended that the Ebkarocy e-bike would be purchased, rented, leased, used, and operated by members of the general public including purchasers, bystanders, giftees, and other users, without inspection and who would rely on Defendants to safely design, manufacture, market and distribute the Ebkarocy e-bike in a safe manner and to transmit any relevant warnings about the product.

27.    At the time of the incident giving rise to this Complaint, the Ebkarocy e-bike was being used in a manner and fashion that was foreseeable by Defendants AMAZON and DOES 1-25, inclusive, and in a manner in which the Product was intended to be used, or reasonably foreseeable misuses.

28.    Defendants AMAZON and DOES 1-25, inclusive, manufactured and designed the Product defectively or knew its manufacture or design was defective, or both, causing the Ebkarocy e-bike to fail to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

29.    In addition, the risks inherent in the design of the Ebkarocy e-bike outweigh any benefits of that design.

30.    The Ebkarocy e-bike had potential risks that were known or knowable by the use of scientific knowledge available at the time of manufacture, distribution and sale of the Ebkarocy e-bike. Defendants AMAZON and DOES 1-25, inclusive, knew, or should have known, that the potential or inherent risks presented a substantial danger to users of the Ebkarocy e-bike because Defendants possessed special knowledge of the materials, design, character and assemblage of the Ebkarocy e-bike. Plaintiff and ordinary consumers would not recognize, nor have knowledge that the Ebkarocy e-bike was dangerous and defective.

31.    Although they possessed of special knowledge of the potential risks and substantial danger to users of the Ebkarocy e-bike and others, Defendants AMAZON and DOES 1-25, inclusive, failed to adequately warn or instruct of the potential risks and dangerous and defective conditions of the Ebkarocy e-bike.

32.    As a direct and proximate legal result of the conduct of Defendants, and

-5-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

each of them, the defects in the Ebkarocy e-bike, and/or lack of warning, Plaintiff ESTHER GERSON suffered injuries in the incident as described hereinabove, and incurred damages as set forth below.

33. As a further direct and proximate legal result of the conduct of Defendants, and each of them, the defects in the Ebkarocy e-bike, and/or lack of warning, Plaintiff ESTHER GERSON was hurt and injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which said injuries have caused and continue to cause plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes, and thereon alleges, that these injuries will result in her permanent disability, all to her general damages in a yet unascertained amount that exceeds the minimum jurisdiction of this Court.

34. As a further direct and proximate legal result of the conduct of Defendants, and each of them, the defects in the Ebkarocy e-bike, and/or lack of warning, Plaintiff ESTHER GERSON was required to and did employ physicians and surgeons to examine, treat and care for Plaintiff, and did and will in the future incur medical and incidental expenses, all to her special damages in an unascertained amount that exceeds the minimum jurisdiction of this Court.

35. As a further direct and proximate legal result of the conduct of Defendants, and each of them, the defects in the Ebkarocy e-bike, and/or lack of warning, Plaintiff ESTHER GERSON was prevented from attending her usual occupation and will be prevented from attending to her usual occupation for a period in the future. As a result, Plaintiff has sustained a loss of earnings and will continue to suffer such loss for an indefinite time in the future, and her future earning capacity has been reduced, all to her further special damages in an unascertained amount that exceeds the minimum jurisdiction of this Court.

36. As a further direct and proximate legal result of the conduct of Defendants, and each of them, and the defects in the Ebkarocy e-bike, Plaintiff

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

ESTHER GERSON incurred out-of-pocket expenses and damage to and loss of use of personal property, all to her further special damages in an unascertained amount that exceeds the minimum jurisdiction of this Court.

37. As a further proximate and direct legal result of Defendants' defective Product and/or lack of warning, Plaintiff ESTHER GERSON sustained a loss of ability to provide household services and will continue to suffer such loss for an indefinite time in the future, all to her further special damages in an unascertained amount that exceeds the minimum jurisdiction of this Court.

38. As a further direct and proximate legal result of the conduct of Defendants, and each of them, and the defects in the Ebkarocy e-bike, Plaintiff ESTHER GERSON has suffered and will suffer other consequential damages, all to her further special damages in an unascertained amount that exceeds the minimum jurisdiction of this Court.

## SECOND CAUSE OF ACTION
Negligent Product Liability
(Against all Defendants)

39. Plaintiff incorporates by reference each and every paragraph above, as though fully set forth here.

40. Defendant AMAZON, and Does 1-25, inclusive, were engaged in the manufacturing, designing, testing, producing, packaging, inspecting, retailing, vending, distributing, transporting, servicing, labeling, promoting, marketing, advertising, selling, installing, facilitating, assembling, or recommending for use to the general public the Ebkarocy e-bike. (*Bolger v. Amazon.com, LLC* (2020) 53 Cal.App.5th 431; *Loomis v. Amazon.com LLC* (2021) 63 Cal.App.5th 466.)

41. Defendant AMAZON, and Does 1-25, inclusive, owed duties of care to actual and potential customers and consumers with respect to the Ebkarocy e-bike. Such duties included but were not limited to: designing, formulating, manufacturing, distributing, selling, and providing the Ebkarocy e-bike in a fashion that was safe to

consumers; packaging the Ebkarocy e-bike safely so as to reasonably minimize the potential for injury; labeling the Ebkarocy e-bike so as to reasonably warn consumers of the potential for danger; and reasonably applying knowledge and information from past incidents, complaints, studies, observations, reports, experience, or investigation to provide for the safety of consumers with respect to the Ebkarocy e-bike.

42.    Defendant AMAZON, and Does 1-25, inclusive, knew or should have known that if the Ebkarocy e-bike was not properly and carefully manufactured, designed, tested, maintained, inspected, installed, assembled, delivered, warned, labeled, and signed prior to sale or distribution to consumers, it would, if used by any member of the general public, be a substantial factor in causing serious and permanent injury.

43.    Defendant AMAZON, and Does 1-25, inclusive, negligently and carelessly manufactured, designed, tested, maintained, inspected, installed, assembled, delivered, labeled, warned, signed and sold the Ebkarocy e-bike so that it was in a dangerous and defective condition and unsafe for the use and purposes for which it was intended.

44.    The defective condition of the Ebkarocy e-bike was known to Defendant AMAZON, and Does 1-25, and each of them, or should have been discovered by them through the exercise of ordinary care and reasonable diligence, but was not disclosed or made known to purchasers or users of the Ebkarocy e-bike, including plaintiff ESTHER GERSON.

45.    At all times herein mentioned, Plaintiff ESTHER GERSON had no knowledge of the defective condition of the Ebkarocy e-bike or of any danger in the use of the Ebkarocy e-bikes.

46.    In doing the acts alleged in this complaint, Defendant AMAZON, and Does 1-25, inclusive, violated statutes, rules, standards, regulations, or guidelines applicable to Defendants' conduct, including laws and regulations relating to the manufacture, distribution, and sale of the Ebkarocy e-bike and similar items.

47.    The injuries and damages to Plaintiff ESTHER GERSON described more

-8-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

fully above were a direct and legal result of the violations of the statutes, rules, regulations, standards, and guidelines by Defendants.

48.     The statutes, regulations, standards, and guidelines violated by Defendant AMAZON, and Does 1-25, inclusive, were drafted, written, and designed to prevent the type of incidents and injuries that occurred in this case, and Plaintiff ESTHER GERSON is among the class of persons the statutes, regulations, standards, and guidelines were designed to protect.

49.     As a direct and proximate legal result of the acts and omissions detailed above, Plaintiff ESTHER GERSON suffered injuries in the incident as described hereinabove, and incurred damages as set forth below.

50.     As a direct and proximate legal result of the conduct of Defendants, and each of them, the defects in the Ebkarocy e-bike, and/or lack of warning, Plaintiff ESTHER GERSON suffered injuries in the incident as described hereinabove, and incurred damages as set forth below.

51.     As a further direct and proximate legal result of the conduct of Defendants, and each of them, the defects in the Ebkarocy e-bike, and/or lack of warning, Plaintiff ESTHER GERSON was hurt and injured in her health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which said injuries have caused and continue to cause plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes, and thereon alleges, that these injuries will result in her permanent disability, all to her general damages in a yet unascertained amount that exceeds the minimum jurisdiction of this Court.

52.     As a further direct and proximate legal result of the conduct of Defendants, and each of them, the defects in the Ebkarocy e-bike, and/or lack of warning, Plaintiff ESTHER GERSON was required to and did employ physicians and surgeons to examine, treat and care for plaintiff, and did and will in the future incur medical and incidental expenses, all to her special damages in an unascertained

amount that exceeds the minimum jurisdiction of this Court.

53. As a further direct and proximate legal result of the conduct of Defendants, and each of them, the defects in the Ebkarocy e-bike, and/or lack of warning, Plaintiff ESTHER GERSON was prevented from attending her usual occupation and will be prevented from attending to her usual occupation for a period in the future. As a result, Plaintiff has sustained a loss of earnings and will continue to suffer such loss for an indefinite time in the future, and her future earning capacity has been reduced, all to her further special damages in an unascertained amount that exceeds the minimum jurisdiction of this Court.

54. As a further direct and proximate legal result of the conduct of Defendants, and each of them, and the defects in the Ebkarocy e-bike, Plaintiff ESTHER GERSON incurred out-of-pocket expenses and damage to and loss of use of personal property, all to her further special damages in an unascertained amount that exceeds the minimum jurisdiction of this Court.

55. As a further proximate and direct legal result of Defendants' defective Product and/or lack of warning, Plaintiff ESTHER GERSON sustained a loss of ability to provide household services and will continue to suffer such loss for an indefinite time in the future, all to her further special damages in an unascertained amount that exceeds the minimum jurisdiction of this Court.

56. As a further direct and proximate legal result of the conduct of Defendants, and each of them, and the defects in the Ebkarocy e-bike, Plaintiff ESTHER GERSON has suffered and will suffer other consequential damages, all to her further special damages in an unascertained amount that exceeds the minimum jurisdiction of this Court.

### THIRD CAUSE OF ACTION
**General Negligence**
**(Against all Defendants)**

57. Plaintiff incorporates by reference each and every paragraph above, as though fully set forth here.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COOPERS LLP
TRIAL LAWYERS

58. Defendants were in engaged in the manufacturing, designing, testing, producing, packaging, inspecting, retailing, vending, distributing, transporting, servicing, labeling, promoting, marketing, advertising, selling, installing, warning, facilitating, assembling, or recommending for use to the general public the Product.

59. Defendants agreed to, undertook, and were obligated to provide services for the Ebkarocy e-bike involved in the incident. Among other things, those services included responding to complaints and reports about Ebkarocy e-bike suddenly and unintentionally accelerating and then permanently blocking the account on Amazon.com, inspecting the Ebkarocy e-bike for defects, repairing defects, maintaining the Ebkarocy e-bike in a safe condition, and/or renting a safe Ebkarocy e-bike.

60. The services undertaken by Defendants AMAZON and Does 1-25 were of a kind those Defendants should have recognized as necessary for the protection of third persons, including Plaintiff ESTHER GERSON.

61. Defendants AMAZON and Does 1-25 were negligent in undertaking those services. Among other negligent acts, Defendants AMAZON and DOES 1-25 failed to warn purchasers of the Ebkarocy e-bike after being informed of the risk of sudden and unexpected acceleration; failing to use reasonable care to inspect, maintain, service, or test the Ebkarocy e-bike; and exposed the general public, including Plaintiff ESTHER GERSON, to a foreseeable risk of severe injury.

62. As a proximate and legal result of Defendants' above-described negligence, Plaintiff ESTHER GERSON was injured, suffering severe personal injuries and damages as set forth more fully above.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. For noneconomic damages according to proof at time of trial;

2. For economic damages according to proof at time of trial;

3. For costs of suit;

-11-

4.    For prejudgment interest in accordance with Civil Code §§ 3287, 3288, and 3291; and

5.    For such further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff ESTHER GERSON demands a jury trial on each and all of the causes of action set forth in this Complaint.


DATED:  December 5, 2024                    COOPERS LLP


By:

Robert Igleheart
Attorneys for Plaintiff
Esther Gerson



| | |
|---|---|
| **SUPERIOR COURT OF SAN MATEO COUNTY**<br>Civil Division<br>400 County Center, 1ˢᵗ Floor, Room A<br>Redwood City, CA 94063<br>(650) 261-5100<br>www.sanmateo.courts.ca.gov | FOR COURT USE ONLY<br>**FILED**<br>SAN MATEO COUNTY<br>12/5/2024<br>**Clerk of the Superior Court**<br>/s/ Anthony Berini<br>DEPUTY CLERK |
| PETITIONER/PLAINTIFF:  ESTHER GERSON | |
| RESPONDENT/DEFENDANT:  AMAZON.COM SERVICES LLC; DOES 1 THROUGH 25, INCLUSIVE | |
| **NOTICE OF ASSIGNMENT FOR ALL PURPOSES (CIVIL) AND NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>24-CIV-07679 |

By order of the Presiding Judge pursuant to San Mateo County Superior Court Local Rule 3.200(a) the above entitled matter is assigned for all purposes to: **Judge Nancy L. Fineman** in **Department 4.**

### An Initial Case Management Conference is set before the Case Management Judicial Officer (and not with the assigned Judge), as follows:
### DATE: 6/5/2025
### TIME: 9:00 AM

### LOCATION: 800 North Humboldt Street, San Mateo, CA 94401

REMOTE APPEARANCES ARE STRONGLY ENCOURAGED.  Please visit our website for information on remote appearances and use the Case Management Judicial Officer's Credentials:
https://www.sanmateo.courts.ca.gov/divisions/civil/civil-department-judges/civil-commissioner

---

ZOOM HEARING CREDENTIALS – CASE MANAGEMENT JUDICIAL OFFICER

Direct Zoom Link to Courtroom G can be found on the Case Management Judicial Officer's Webpage above.

Dial in:
Phone Number: +1 (669) 254-5252
Meeting ID: 161 964 0802
Password: 734616

---

CASE MANAGEMENT CONFERENCE INFORMATION

You are hereby given notice of your Initial Case Management Conference.  The date, time and department are noted above.

1. In accordance with applicable California Rules of the Court and Local Rules, you are hereby ordered to:
   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 3.110(b); Local Rule 3.804).
   b) Serve a copy of this Notice, blank form of the Case Management Statement and ADR Information Package on all named parties in this action (Local Rule 3.804(a)). Documents are available online under the CIVIL CMC Packet section at: www.sanmateo.courts.ca.gov/civil
   c) File and serve a completed Case Management Statement at least 15 days before the Case Management Conference (CRC 3.725; Local Rule 3.805(c)).  Failure to do so may result in monetary sanctions or the continuance of the CMC.

Rev. November 2024

d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference (Local Rule 3.805(b)).

2. Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a *Stipulation and Order to ADR* (Local Form ADR-CV-1). File and serve the completed *Stipulation and Order to* ADR form at least 12 days prior to the Case Management Conference (Local Rule 3.805(f)). You may find this form and information regarding the Civil ADR Program online at www.sanmateo.courts.ca.gov/adr/civil/

For additional information, you may visit the Judicial officer's webpage at: www.sanmateo.courts.ca.gov/civiljudges

### ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial Officer's webpage at: www.sanmateo.courts.ca.gov/civiljudges.

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
|---|---|---|
| Nancy L. Fineman | 650-261-5104 | Dept4@sanmateocourt.org |

For additional information, you may visit the Judicial officer's webpage at:
www.sanmateo.courts.ca.gov/civiljudges

### CLERK'S CERTIFICATE OF SERVICE

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this court, or, if a physical mailing address is present below, by placing the document(s) in an envelope for collection and mailing, following the Court's ordinary business practices for collecting and processing correspondence for mailing. On the same day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Date: 12/5/2024                          Neal I Taniguchi, Court Executive Officer/Clerk

By:  /s/ Anthony Berini
        Anthony Berini, Deputy Clerk

**Copies served to:**

ROBERT IGLEHEART
2261 MARKET STREET #330
SAN FRANCISVO, CA. 94114

Rev. November 2024

# APPROPRIATE DISPUTE RESOLUTION INFORMATION SHEET

## SUPERIOR COURT OF CALIFORNIA, SAN MATEO COUNTY

In addition to the court provided voluntary and mandatory settlement conferences, this court has established, in partnership with the community and Bar Association, the Multi-Option ADR Project. Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the San Mateo County Superior Court encourages the parties in civil cases to explore and pursue the use of Appropriate Dispute Resolution

## WHAT IS APPROPRIATE DISPUTE RESOLUTION?

Appropriate Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits.    Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes.    All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

## WHAT ARE THE ADVANTAGES OF USING ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses).

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration, Mediation, and Neutral Evaluation

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California State courts are Arbitration, Mediation and Neutral Evaluation.    The Multi-Option ADR Project a partnership of the Court, Bar and Community offers pre-screened panelists with specialized experience and training in each of these areas.

<u>Arbitration</u>: An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award. Arbitration awards may be entered as

Form ADR-CV-8 "Court ADR Information Sheet ADR-CV-8" [Rev. Feb. 2014]

judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitrations can be binding or non-binding, as agreed by the parties in writing.

**Mediation:** Mediation is a voluntary, informal, confidential process in which the mediator, a neutral third party, facilitates settlement negotiations. The mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

**Neutral Evaluation:** Involves presentations to a neutral third party with subject matter expertise who may render an opinion about the case the strengths and weaknesses of the positions, the potential verdict regarding liability, and a possible range for damages.

**CIVIL ADR PROCEDURES FOR THE SAN MATEO COUNTY SUPERIOR COURT**

- Upon filing a Complaint, the Plaintiff will receive this **information sheet** from the Superior Court Clerk. Plaintiff is expected to include this information sheet when he or she **serves the Complaint** on the Defendant.

- All parties to the dispute may voluntarily agree to take the matter to an ADR process. A stipulation is provided here. Parties chose and contact their own ADR provider. A Panelist List is available online.

- If the parties have not agreed to use an ADR process, an initial Case Management Conference ("CMC") will be scheduled within 120 days of the filing of the Complaint. An **original and copy of the Case Management Conference Statement must be completed and provided to the court clerk no later than 15 days prior to the scheduled conference.** The San Mateo County Superior Court Case Management Judges will strongly encourage all parties and their counsel to consider and utilize ADR procedures and/or to meet with the ADR director and staff where appropriate.

- If the parties voluntarily agree to ADR, the parties will be required to sign and file a **Stipulation and Order to ADR.**

- A timely filing of a stipulation (at least 10 days prior to the CMC) will cause a notice to vacate the CMC. ADR stipulated cases (other than judicial arbitration) will be continued for further ADR/Case Management status review in 90 days. If the case is resolved through ADR, the status review date may be vacated if the court receives a dismissal or judgment. The court may upon review of case information suggest to parties an ADR referral to discuss matters related to case management, discovery and ADR.

- Any ADR Services shall be paid for by the parties pursuant to a separate ADR fee agreement. The ADR Director may screen appropriate cases for financial aid where a party is indigent.

- Local Court Rules require your cooperation in evaluating the ADR Project and will expect a brief evaluation form to be completed and submitted **within 10 days of completion of the process.**

**You can find ADR forms on the ADR webpage: www.sanmateo.courts.ca.gov/adr.**
**For more formation contact the Multi-Option ADR Project at (650) 261-5075 or 261-5076.**

Form ADR-CV-8 "Court ADR Information Sheet ADR-CV-8" [Rev. Feb. 2014]

Print Form



SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
MULTI OPTION ADR PROJECT
HALL OF JUSTICE AND RECORDS
400 COUNTY CENTER
REDWOOD CITY, CALIFORNIA 94063

## ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 3.904(b)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. In accordance with *Local Rule 2.1.7*, all parties, except for self-represented litigants, are **required** to file the Stipulation and Order to ADR **electronically**.

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations **must** include the following:

- ❑ Signatures for all attorneys (and/or parties in pro per);
- ❑ The name and phone number of the neutral;
- ❑ Date of the ADR session (date must include month, day and year. TBD or tentative responses will not be accepted); and
- ❑ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the Court's Civil ADR Program Panelist List and information sheets on individual panelists, they may visit the Court's website at www.sanmateo.courts.ca.gov/adr.

### If Filing the Stipulation Prior to an Initial Case Management Conference

To stipulate to ADR prior to the initial Case Management Conference (CMC), parties must file a completed stipulation at least 12 days before the scheduled Case Management Conference. The clerk will vacate the Case Management Conference, and the general civil action will be referred to the ADR Analyst [*Local Rule 3.805(f)*].

### If Filing Stipulation Following a Case Management Conference or Following an Order to Vacate Case Management Conference and Order to ADR

When parties are referred to ADR at the CMC, or parties receive an Order Vacating Case Management Conference and Order to ADR, they have 21 days from the date of the CMC or Order to file a Stipulation and Order to ADR with the Court [*Local Rule 3.904(b)*].

### Post-ADR Session

Submit post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation by Attorneys and Client Evaluation will be mailed by the ADR department as the mediation session date approaches, or can be downloaded from the Court's web site [*Local Rule 3.905(c)*].

If not all disputes are resolved through the ADR session, file a Statement of Nonagreement (ADR-CV-11) with the Court to facilitate the setting of a post-ADR Case Management and Trial Setting Conference before the assigned Civil Judge [*Local Rule 3.905(b)*].

### Non-Binding Judicial Arbitration

Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted.

For further information regarding San Mateo Superior Court's Civil ADR and Judicial Arbitration Programs, visit the Court's website at www.sanmateo.courts.ca.gov/adr or contact the ADR offices at **(650) 261-5075.**

Form ADR-CV-1 [Rev. July 2021]

| Attorney or Party without Attorney (Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655 (650) 261-5100 | |
| Plaintiff(s): | Case number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference or Order to ADR unless directed otherwise by the Court and ADR Department [*Local Rule 3.904(b)*]. Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

◎ Voluntary Mediation                           ◎ Binding Arbitration (private)
◎ Neutral Evaluation                            ◎ Settlement Conference (private)
◎ **Non-Binding Judicial Arbitration CCP 1141.12** ◎ Summary Jury Trial   ◎ Other: _____

Case Type: _____

Neutral's name and telephone number: _____ Date of session: _____
(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

_____
                                                            Original Signatures

| | |
|---|---|
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐ Party without attorney ☐ Attorney for<br>☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant | (Signature)<br>Attorney or Party without attorney |

## IT IS SO ORDERED:

Date: _____                _____
                                            Judicial Officer of the Superior Court of San Mateo County

Form ADR-CV-1 [Rev. July 2021]

# Exhibit 2

## Case Information

24-CIV-07679 | Esther Gerson vs. Amazon.com Services LLC, et al

Case Number
24-CIV-07679

File Date
12/05/2024

Court
Civil Unlimited

Case Type
(24) Unlimited Product Liability

Judicial Officer
Fineman, Nancy L.

Case Status
Active

## Party

Plaintiff
Gerson, Esther

Active Attorneys ▾

Lead Attorney
IGLEHEART, ROBERT
Retained

Defendant
Amazon.com Services LLC

Defendant
DOES 1 THROUGH 25, INCLUSIVE

## Cause of Action

| File Date | Cause of Action | Type | Filed By | Filed Against |
|---|---|---|---|---|
| 12/05/2024 | Complaint | Action | Gerson, Esther | Amazon.com Services LLC DOES 1 THROUGH 25, INCLUSIVE |

## Events and Hearings

12/05/2024 New Filed Case

12/05/2024 Complaint ▾

Complaint

12/05/2024 Summons Issued / Filed ▾

Summons Issued / Filed

12/05/2024 Civil Case Cover Sheet ▾

Civil Case Cover Sheet

12/05/2024 Notice of Assignment for All Purposes ▾

Notice of Assignment for All Purposes

12/05/2024 Cause Of Action ▾

| Action | File Date |
|---|---|
| Complaint | 12/05/2024 |

12/26/2024 Proof of Service by PERSONAL SERVICE of ▾

Proof of Service by PERSONAL SERVICE of SUMMONS; COMPLAINT;NOTICE OF CASE MANAGEMENT CONFERENCE;ADR

Comment
SUMMONS; COMPLAINT;NOTICE OF CASE MANAGEMENT CONFERENCE;ADR

06/05/2025 Case Management Conference ▾

Judicial Officer
**Elliott, Timothy E.**

Hearing Time
**9:00 AM**

## Financial

Gerson, Esther

| | | | |
|---|---|---|---|
| Total Financial Assessment | | | $435.00 |
| Total Payments and Credits | | | $435.00 |

| | | | | |
|---|---|---|---|---|
| 12/5/2024 | Transaction Assessment | | | $435.00 |
| 12/5/2024 | eFile Online Payment | Receipt # 2024-039887-HOJ | Gerson, Esther | ($435.00) |

## Documents

Complaint

Summons Issued / Filed

Civil Case Cover Sheet

Notice of Assignment for All Purposes

Proof of Service by PERSONAL SERVICE of SUMMONS; COMPLAINT;NOTICE OF CASE MANAGEMENT CONFERENCE;ADR